**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>JOLIE PARKER,<br><br>　　　　　Debtor. | Chapter 7<br>Case No. 25-20138 |

## ORDER TO SHOW CAUSE

The Debtor commenced this chapter 7 case by filing a voluntary petition for relief on June 10, 2025. Concurrently with the petition, the Debtor filed her schedules and statement of financial affairs (Docket Entry ("D.E.") 1). On July 22, 2025, the Debtor filed the Debtor's Amendment to Chapter 7 Schedule F listing two additional creditors: Dunstan Dental Center, LLC ("Dunstan") and Orthopaedic Associates of Maine ("OAM") (D.E. 8) (the "Amendment").

The Amendment only identified the name and address of the creditors, the schedule to which the creditors would be added, and the amount of the debt. The Debtor did not include an amended version of Official Form B106E/F and the Amendment did not disclose certain information required on that form including, but not limited to, the date on which the debt was incurred. The Debtor served the Amendment on Dunstan and OAM.

On September 8, 2025, the Court received from Dunstan the document attached hereto as Exhibit A. In that letter, Dunstan states that the debt listed in the Amendment arose from services performed on June 20, 2025—ten days after the Debtor filed her petition.[1] If that is true, the claim is not subject to discharge pursuant to 11 U.S.C. § 727(b) and should not be listed on Schedule E/F.

Amendments to schedules must reasonably identify all changes through color lining, highlighting, bold type, written summaries, and similar techniques. D. Me. LBR 1009-1(a). "Any such amendment adding creditors shall be accompanied by a list containing only the names and addresses of the additional creditors." Id. The Amendment filed by the Debtor appears to ignore the first part of the Local Rule and only complies with the second half. In doing so, the Amendment fails to disclose the information required by Official Form B106E/F. While best practice is to include an amended version of the actual official form, it is conceivable that a separate sheet could successfully disclose all necessary information. In any event, that was not done here and, therefore, the Amendment is incomplete.

WHEREFORE, the Debtor is directed to appear through counsel, telephonically or in person, on **September 23, 2025 at 9:00 a.m.** at the United States Bankruptcy Court, District of Maine, **537 Congress Street, 2nd Floor, Portland Maine, 04101** and show cause why the Amendment should not be stricken from the docket.

Dated:   September 9, 2025　　　　　　　　　　　　　　　/s/ Peter G. Cary
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Judge Peter G. Cary
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Court

---

[1] The document from Dunstan identifies the debtor as Jolie Parker but incorrectly refers to case number 25-20139.

RECEIVED
By USBC Portland at 3:28 pm, 09/08/2025



EXHIBIT A

**DUNSTAN**
— DENTAL CENTER —

618 US Route 1, Suite 4
Scarborough, ME 04074
P: 207-883-3229 F: 207- 883-1184

September 4, 2025

Attn: Monica Bigley
Clerk of the Bankruptcy Court
537 Congress Street
Portland, ME 04101-3318

Dear Ms. Bigley,

In regards to Case #: 25-20139, I would like to file a formal complaint and request that the Bankruptcy court does not discharge the debt owed to our business, Dunstan Dental Center, in the amount of $1,798.00.

Ms. Jolie Parker filed for bankruptcy on June 10, 2025. The charges totaling $1,798.00 were incurred on June 20, 2025. Our business was not included as part of the initial filing as the services had not yet been rendered. An amendment was not filed until July 22, 2025 at which time we received the notification from the debtors attorney that these charges were being added to her bankruptcy filing.

It was not disclosed to our business prior to rendering the services that Ms. Parker had filed for bankruptcy nor were any requests for payment arrangements received. Ms. Parker was aware of the fee for services and consented to the services being rendered on June 20, 2025.  Due to the fact that these services were rendered after her filing on June 10, 2025 we do not believe that they should be eligible for discharge as part of her bankruptcy filing.

If you have any further questions or need additional information please do not hesitate to contact me at 207-883-3229. Thank you for your time.

Sincerely,

*Douglas Delli Colli, DMD*

Dr. Douglas Delli Colli
Dunstan Dental Center, Owner

